# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: LEONARDO LAXAMANA and ALEJANDRA LAXAMANA, | CASE NO. 09-12979 |
| DEBTORS. / | CHAPTER 7 |
| CHASE BANK USA, N.A., | |
| PLAINTIFF, | ADVERSARY NO. |
| vs. | |
| LEONARDO LAXAMANA, | |
| DEFENDANT. / | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Chase Bank USA, N.A. ("Chase"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(I) (core proceeding), § 1334(b) and 11 U.S.C. § 523(c).

2. On April 13, 2009, the Debtors filed a Chapter 7 Petition commencing the above case.

3. Chase is the holder of a claim against the above-captioned Defendant arising from Account number ****-****-****-9127 ("the Account").

4. The Account was opened by the Defendant in August of 2008.

5. The balance on the Account as of the date of the filing of the Chapter 7 Petition was $10,271.58.

6. The terms and conditions of the account agreement between the Defendant and Chase call for the payment of reasonable attorneys' fees, all costs and all other expenses expended by Chase in the collection of the Account, which are hereby requested by Chase.

**FIRST COUNT**

7. Paragraphs 1 through 6 are hereby repeated and incorporated herein.

8. Between January 22, 2009 and April 3, 2009, the Defendant used his Chase card in one hundred six (106) transactions charging $9,193.89 on the Account for goods and services.

9. The charges referenced in paragraph 8 were incurred within ninety days of bankruptcy filing and are presumed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

10. Twenty charges totaling $3,360.11 were incurred at Nordstrom, Burberry, Lacoste, American Eagle, JC Penney, and Forever 21.

11. One charge in the amount of $1,232.00 was incurred for computer training.

12. Two charges totaling $502.23 were incurred at NICOR/NCO.

13. Two charges totaling $328.93 were incurred at T-Mobile.

14. After the Defendant incurred the charges referenced in paragraph 8, he made one late payment on the Account of $100.00, which was applied to the prior balance of $4,228.84 as of the January 15, 2009-February 14, 2009 account statement.

15. The Account was credited $219.50 during the time period referenced in paragraph 8.

16. The terms and conditions of the account agreement between the Defendant and Chase call for a minimum payment of the charges due on the Account upon receipt of the monthly billing statement.

17. Attached hereto as "Exhibit A" and made part hereof are the account statements which reflect the charge activity alleged in paragraphs 8 through 15. They have been redacted to remove a portion of the account number and pages having no relation to account activity.

18. According to Schedule F and Amended Schedule F of the Debtors' bankruptcy petition, the Debtors have $125,357.36 in unsecured non-priority debt, the majority of which is credit/charge card debt.

19. According to Schedule I of the Debtors' bankruptcy petition, the Debtors have monthly income of $1,700.00.

20. According to Schedule J of the Debtors' bankruptcy petition, the Debtors have current monthly expenses totaling $2,810.00.

21. The Debtors' Schedules reflect insufficient income and assets from which the Defendant could have reasonably expected to repay Chase.

22. Chase asserts that at the time the Defendant incurred the charges on the Account, he did not intend to honor his obligation to Chase to satisfy the Account.

23. The Defendant obtained the goods and services on the Account through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

24. The Defendant made the misrepresentations with the intention and purpose of deceiving Chase so that Chase would extend credit that would enable the Defendant to charge goods and services on the Account.

25. Chase justifiably relied on the Defendant's false representations based in part, upon the Defendant's status as a Cardmember in good standing and that there were no "red flags" evident during the time period of charging activity as identified in Exhibit "A" attached hereto and made a part hereof.

26. As a proximate result of extending credit based on the Defendant's misrepresentations, Chase has sustained loss and damage in the amount of $9,193.89 on the Account.

27. A portion of the balance on the Account in the amount of $9,193.89 was incurred by the Defendant with knowledge of her inability to repay it.

28. A portion of the balance on the Account in the amount of $9,193.89 was incurred by the Defendant without the intent to repay it.

29. A portion of the balance on the Account in the amount of $9,193.89 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

30. For the reasons above, a portion of the balance on the Account in the amount of $9,193.89 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(C).

WHEREFORE, Chase Bank USA, N.A. prays this Honorable Court for a non-dischargeable judgment against the Defendant in the total amount of $9,193.89 plus interest, attorneys' fees and costs, where permissible by law, and for any other such relief as the Court may deem appropriate.

                                          Respectfully submitted,
                                          Attorney for Plaintiff

Dated: <u>July 17, 2009</u>        By:   <u>*/s/ David L. Freidberg*</u>
                                                  David L. Freidberg (ARDC #6230612)
                                                  DAVID L. FREIDBERG, P.C.
                                                  1954 First Street, Suite 164
                                                  Highland Park, IL 60035
                                                  Telephone: (312) 560-7100
                                                  Facsimile: (847) 433-4081